IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Misc. Civil Action No. 08-cv-01591-WYD-KLM

INTRADO INC.,

    Movant and Third-Party Subpoena Recipient

v.

800 ADEPT, INC.,

    Respondent and Subpoena Proponent.
_____

[In Relation to Civil Action No. 5:07cv023 (E.D. Tex.)]

800 ADEPT, INC.,

    Plaintiff,

v.

AT&T MOBILITY, LLC, et al.,

    Defendants.

## ORDER

This matter is before the Court on Non-Party Intrado Inc.'s ("Intrado") Objection to Magistrate Judge Mix's Order Denying Non-Party Intrado's Unopposed Motion for Protective Order (filed August 7, 2008). The Objection relates to an Order issued by Magistrate Judge Mix on July 30, 2008, wherein she denied Intrado's Unopposed Motion for Protective Order.

Intrado's motion for a protective order was denied on the basis that the underlying subpoena seeks documents in connection with a substantive dispute that is pending before the Eastern District of Texas. Further, Intrado did not seek to quash or modify the subpoena. Accordingly, Magistrate Judge Mix found that the Texas court must enter relief as required by Fed. R. Civ. P. 26(c) ("[a] party or any person from whom discovery is sought may move for a protective order *in the court where the action is pending*") (emphasis added).

Since Intrado filed a timely Objection, I must review Magistrate Judge Mix's Order to determine whether it is "clearly erroneous or contrary to law" since the nature of the matter is nondispositive. FED. R. CIV. P. 72(a). "An order is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *Cook v. Rockwell Int'l Corp.*, 147 F.R.D. 237, 242 (D. Colo. 1993).

As support for its objection, Intrado argues that Rule 26 was apparently misread by Magistrate Judge Mix and that the Rule authorizes the filing of a motion for protective order on matters relating to a deposition in the court for the district where the deposition will be taken. In this case, Intrado asserts that as the Stipulated Protective Order specifically concerns a subpoena for the deposition of a Colorado resident that will take place in this district, this Court is the appropriate court under Rule 26(c) to address Intrado's Unopposed Motion for Protective Order.

I find merit to Intrado's Objection and set aside Magistrate Judge Mix's Order. *See* FED. R. CIV. P. 72(a). Rule 26(c) specifically allows "a party or any person from

whom discovery is sought" to move for a protective order as to matters relating to a deposition in the court for the district where the deposition will be taken. I first note that I do not believe Magistrate Judge Mix misread Rule 26(c), as Intrado's Unopposed Motion for Protective Order did not refer to the fact that the subpoena at issue involved a deposition and discussed only the confidentiality of the documents requested. However, I find that Magistrate Judge Mix's Order must be set aside as it is now clear that the motion involves a subpoena for the deposition of a Colorado resident. Accordingly, I find that the Unopposed Motion for Protective Order is properly before the Court pursuant to Rule 26(c).

I further find that Intrado has stated good cause for the issuance of a protective order as the subpoena seeks protectable trade secrets, confidential commercial information and information important to national security as discussed in the motion. The Stipulated Protective Order submitted in this case is approved and issued separately today.

For the reasons outlined above, Non-Party Intrado Inc.'s Objection to Magistrate Judge's Order Denying Non-Party Intrado's Unopposed Motion for Protective Order (Doc. # 7) is **SUSTAINED** and the July 30, 2008 Order of Magistrate Judge Mix (Doc. # 6) is **SET ASIDE**. It is

FURTHER ORDERED that Non-Party Intrado's Unopposed Motion for Protective Order filed July 30, 2008 (Doc # 1) is **GRANTED**. The Stipulated Protective Order: Re Subpoena to Intrado, Inc. is **APPROVED** and shall be issued by the Court separately. Finally, it is

ORDERED that since the only relief sought in this case was a protective order, which has now been issued, this case is **DISMISSED WITHOUT PREJUDICE**.

Dated: August 14, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge